```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

PEGGY A. ROHREN,                )
                                )
          Plaintiff,            )        4:07CV3150
                                )
     V.                         )
                                )
CENTENNIAL PUBLIC SCHOOL        )        MEMORANDUM AND ORDER
DISTRICT 67-R, and RICHARD      )
ROLENC, In His Individual And   )
Official Capacity As Director   )
Of Maintenance,                 )
                                )
          Defendants.           )
                                )
```

The defendants have filed a motion to strike the plaintiff's request for a jury trial.  Filing 17.  The defendants argue:

> Plaintiff is not entitled to a trial by jury under Neb. Rev. Stat. § 13-907 of the Nebraska Political Subdivisions Tort Claims Act, because the State of Nebraska has not abrogated governmental immunity to permit jury trials against political subdivisions of the State of Nebraska.

Filing 17, p. 1, ¶ 4.

The plaintiff seeks injunctive and monetary relief from defendant Centennial Public School District 67-R (and Richard Rolenc in his official capacity) for allegedly violating the plaintiff's right to equal protection; the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 et seq ("ADEA"); Title VII, 42 U.S.C. 2000(e); and the Equal Pay Act, 29 U.S.C.A. § 206. The plaintiff has also filed suit under 42 U.S.C. § 1983 against defendant Richard Rolenc in his individual capacity for allegedly violating the plaintiff's right to equal protection.  Filing 1, ¶¶ 18-20.  The plaintiff requests the value of her back pay and

benefits lost, reinstatement or front pay and benefits, exemplary damages pursuant to the ADEA, compensatory damages, punitive damages, and attorney fees.

1.  <u>Claims for Equitable Relief</u>.

There is no right to a jury trial on plaintiff's claims for equitable relief. <u>Curtis v. Loether</u>, 415 U.S. 189, 198 (1974); <u>Buss v. Douglas</u>, 59 F.R.D. 334, 334-35 (D. Neb. 1973)(Urbom, J., presiding). Therefore, to the extent the plaintiff's complaint demands a jury determination on her equity claims against any of the defendants, her jury demand must be stricken.

2.  <u>Claims for Legal Relief</u>.

The plaintiff's complaint alleges Richard Rolenc, in his individual capacity, violated her right to equal protection. She seeks damages pursuant to 42 U.S.C. § 1983. "[T]he basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." <u>Memphis Community School Dist. v. Stachura</u>, 477 U.S. 299, 307 (1986). "Damages for a constitutional violation are a legal remedy," (<u>City of Monterey v. Del Monte Dunes at Monterey, Ltd</u>., 526 U.S. 687, 710 (1999)), and "a § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment." <u>City of Monterey</u>, 526 U.S. at 709. Therefore, to the extent the plaintiff's complaint seeks a legal remedy under § 1983 from Richard Rolenc in his individual capacity, the plaintiff has a Seventh Amendment right to a jury trial.

However, the plaintiff also seeks damages from the defendant Centennial Public School District and Richard Rolenc in his

official capacity. Centennial Public School District is a political subdivision of the State of Nebraska, (filing 1 (complaint), ¶ 5; filing 12 (answer), ¶ 5), and defendant Richard Rolenc was at all relevant times acting as plaintiff's supervisor and within the scope of his supervisory role for the Centennial Public School District. Filing 1 (complaint), ¶ 6; filing 12 (answer), ¶ 6. "A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007)(quoting Monell v. Dep't of Social Services, 436 U.S. 658, 690 n. 55 (1978)). Accordingly, the plaintiff's claims against defendant Rohren in his official capacity are considered claims against the school district itself.

The plaintiff has no right to a jury trial on her claims against Centennial Public School and Richard Rolenc in his official capacity "because at common law no action for damages . . . lay against public officials acting in their official capacities as agents of the sovereign." Buss, 59 F.R.D. at 336. "[S]ince there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." Gragg v. City of Omaha, 812 F. Supp. 991, 992-93 (D. Neb. 1993)(Kopf, J., presiding)(citing Galloway v. United States, 319 U.S. 372, 388-89 (1943)).

Although Nebraska has, by statute, waived its sovereign immunity with respect to suits against its political subdivisions, (see Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. § 13-901 to 13-926), this waiver is limited and does not permit such actions to be tried before a jury. Under the Tort Claims Act:

3

>  Jurisdiction, venue, procedure, and rights of appeal in all suits brought under the Political Subdivisions Tort Claims Act ... shall be determined in the same manner as if the suits involved private individuals, except that such suits shall be heard and determined by the appropriate court <u>without</u> a jury.

Neb. Rev. Stat. § 13-907 (emphasis added). Pursuant to the explicit language of Neb. Rev. Stat. § 13-907, the plaintiff is not entitled to a trial by jury on her claims against Centennial Public School District and Richard Rolenc in his official capacity. <u>Frosh ex rel. Rohrbouck v. North Platte Public Schools</u>, 2006 WL 3388642, *1 (D. Neb. 2006)(no right to jury trial on plaintiff's IDEA claim against a Nebraska school district)(Thalken, M.J., presiding); <u>Harders v. Grand Island Public Schools</u>, 2006 WL 2528524, *1 (D. Neb. 2006)(no right to jury trial on plaintiff's FMLA claim against a Nebraska school district)(Piester, M.J., presiding).

IT THEREFORE HEREBY IS ORDERED: The defendants' motion to strike the plaintiff's request for a jury trial, filing 17, is granted in part and denied in part as follows:

1. The plaintiff's demand for a jury trial on her claims seeking equitable relief against all the defendants, and her claims seeking legal relief against Centennial Public School District 67-R, and Richard Rolenc in his official capacity, is stricken.

2. The defendants' motion to strike the plaintiff's jury demand on her § 1983 claim against Richard Rolenc in his individual capacity is denied.

DATED this 16th day of November, 2007.

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge