IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PEGGY A. ROHREN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3150 |
| | ) | |
| v. | ) | |
| | ) | |
| CENTENNIAL PUBLIC SCHOOL | ) | MEMORANDUM AND ORDER ON |
| DISTRICT 67-R, and RICHARD ROLENC, | ) | DEFENDANTS' MOTION FOR |
| In His Individual And Official Capacity As | ) | SUMMARY JUDGMENT |
| Director Of Maintenance, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 10, 2007, the defendants filed a "Motion for Summary Judgment Regarding Defendant Richard Rolenc." (Filing 34.) For the following reasons, I find that the defendants' motion must be granted in part.

## I. BACKGROUND

On June 12, 2007, the plaintiff, Peggy A. Rohren, filed a five-count complaint against Defendants Centennial Public School District 67-R (Centennial) and Richard Rolenc. (See generally Compl., filing 1.) According to the complaint, the plaintiff was born on June 5, 1944, and was employed by Centennial as a custodian from 1984 until August 1, 2005. (Id. ¶¶ 7-9, 13.) At relevant times, Rolenc was the plaintiff's supervisor. (Id. ¶¶ 6, 10.)

During or after 1997, the plaintiff complained to Rolenc that another custodian was being paid more "for the same position." (Id. ¶ 10.) The complaint does not state what, if anything, resulted from these complaints. During the fall of 2004, the plaintiff's hours were reduced. (Id. ¶ 11.) There is no allegation that the plaintiff complained about this reduction, however. On July 14, 2005, the plaintiff "learned that her pay had been reduced for the June pay period." (Compl., filing 1, ¶ 12.) The plaintiff complained about this pay reduction, and she complained that she had been performing "more difficult tasks than the [summer cleaning] crew" that she had

1

been supervising. (Id.) On July 18, 2005, the plaintiff "was suspended with pay and informed that her employment was terminated effective" August 1, 2005, "for the events occurring" on July 14, 2005. (Id. ¶ 13.)

Count I of the complaint alleges that "the Defendant" violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., by "reducing Plaintiff's pay, changing her terms and conditions of employment[,] and . . . terminating" her. (Compl., filing 1, ¶ 16.) It is unclear which defendant is meant to be the subject of this count, but because the complaint alleges that Centennial is "an employer for the purposes of the ADEA," (id. ¶ 5), I shall assume that Count I is directed only toward Centennial. Count II alleges that Centennial and "Rolenc, in his individual and official capacity, deprived the Plaintiff of Equal Protection of the laws contrary to the Fourteenth Amendment to the United States Constitution by treating [the plaintiff] differently than younger individuals and male individuals." (Id. ¶ 20.) Count III alleges that "the Defendant" retaliated against the plaintiff in violation of the ADEA by "reducing her pay, changing her terms and conditions of employment[,] and [by] terminating" her. (Id. ¶ 22.) For the reasons stated above, I shall assume that Count III, like Count I, is directed only toward Centennial. Count IV alleges that "Defendant" violated Title VII by discriminating and retaliating against the plaintiff based on her gender. (See id. ¶ 25.) Finally, Count V alleges that "[t]he failure to pay the Plaintiff the same sum of money as male employees is a willful violation of the Equal Pay Act." (Id. ¶ 27.) I cannot determine which defendant is alleged to have committed the violations specified in Counts IV and V.

## II. ANALYSIS

I have studied the defendants' motion and its associated filings, (see filings 34-36), and I find as follows.

### A.

Nebraska Civil Rule 56.1(a)(1) states that a party moving for summary judgment "shall set forth in the brief in support of the motion . . . a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." The rule concludes with the following admonishment:

"Failure to submit a statement of facts constitutes grounds for denial of the motion." Id. (emphasis omitted). The local rules also state that any evidentiary materials relied upon by the moving party must "be filed separately with an index listing each item . . . and identifying the motion to which it relates," and that "[a]ny documents filed with the index must be identified and authenticated by affidavit." NECivR 7.1(a)(2)(B)-(C). The defendants have failed to comply with these rules. Although it seems to me that an outright denial of the defendants' motion would be appropriate in light of this failure, I shall nevertheless consider the defendants' arguments. In doing so, however, I shall not consider the defendants' improperly-submitted evidentiary materials.

The plaintiff, meanwhile, failed to file a timely response to the defendants' motion for summary judgment. On February 14, 2008, the plaintiff filed a motion for leave to file a response on or before February 29, 2008. (See filing 43.) This motion will be denied.

**B**.

The defendants argue first that to the extent Rolenc has been sued in his official capacity, he is entitled to summary judgment on each of the plaintiff's claims because he possesses "sovereign immunity" under the Eleventh Amendment. (See Defs.' Br., filing 36, at 2-3. See also id. at 3 (arguing that "Rolenc is entitled to sovereign immunity on any of Plaintiff's claims against him under the ADEA"). This argument must be rejected. Although it is true that "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent,'" Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dept. of Social Services of New York, 436 U.S. 658, 690 n.55 (1978)), and although the complaint does allege that Rolenc "was acting under color of state law" for the purposes of § 1983, (Compl., filing 1, ¶ 6), the defendants have not shown that Rolenc is an agent of the State of Nebraska or that Centennial is an arm of the state for the purposes of Eleventh Amendment immunity. See Mt. Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 280 (1977); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 369 (2001) ("[T]he Eleventh Amendment does not extend its immunity to units of local government."); Cline v. School Dist. No. 32 of Scotts Bluff County, Neb., 476 F. Supp. 868 (D. Neb. 1979).

Next, the defendants argue that Rolenc is entitled to a partial summary judgment because he cannot be held individually liable under Title VII. (Defs.' Br., filing 36, at 3.) The defendants are quite correct. See, e.g., Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997) (per curium) (holding that "supervisors may not be held individually liable under Title VII"). Therefore, to the extent that Count IV is directed toward Rolenc in his individual capacity, the defendants are entitled to summary judgment.

Finally, the defendants argue that to the extent Rolenc has been sued in his individual capacity, he is entitled to qualified immunity on each of the plaintiff's remaining claims. (See Defs.' Br., filing 36, at 4-5.) "Government officials performing discretionary functions are entitled to qualified immunity unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." Whisman ex rel. Whisman v. Rinehart, 119 F.3d 1303, 1309 (8th Cir. 1997) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

> The qualified immunity analysis is a two-step process. The threshold question is whether the plaintiff has alleged the violation of a constitutional right. If [the] plaintiff[] meets this standard, we next determine "whether that right was 'clearly established' at the time of the alleged violation. "A right is 'clearly established' when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right."

Id. (citations omitted). See also Tlamka v. Serrell, 244 F.3d 628, 632 (8th Cir. 2001). In this case, the defendants have not argued that Rolenc's immunity "is established on the face of the complaint." Dornheim v. Sholes, 430 F.3d 919, 926 (8th Cir. 2005) (quoting Whisman, 119 F.3d at 1309). Instead, their argument is based upon facts alleged in the affidavit of Richard Rolenc, which was filed in this court on December 10, 2007. (See Defs.' Br., filing 36, at 4-5. See also Rolenc Aff., filing 35.) Due to the defendants' failure to present their evidence in accordance with this court's local rules, however, I shall not consider this affidavit. (See supra Part II.A.) Under the circumstances, I must deny the defendants' motion for summary judgment based on qualified immunity.

The issue of qualified immunity generally ought to be resolved "at the earliest possible stage of a litigation." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Nevertheless, "the qualified immunity defense is not waived or lost if a case proceeds to trial." Lampkins v. Thompson, 337 F.3d 1009, 1014 (8th Cir.

2003) (citing Hill v. McKinley, 311 F.3d 899, 902 (8th Cir. 2002)). In the interest of efficiency, it seems to me that the defendants should submit a properly-supported motion for summary judgment on the issue of qualified immunity, taking care to comply with the applicable local rules, as soon as possible. The issue should not be set aside until the time of trial. For her part, if the plaintiff intends to oppose such a motion, she ought to file a timely response.

**IT IS ORDERED** that:

1. The plaintiff's motion for an extension of time to respond to the defendants' summary judgment motion, filing 43, is denied;

2. Defendant Rolenc is granted a summary judgment on Count IV of the complaint to the extent that he is sued in his individual capacity;

3. The defendants' motion for summary judgment, filing 34, is otherwise denied; and

4. The defendants are granted leave to file a motion for summary judgment on the issue of qualified immunity no later than February 27, 2008.

Dated February 19, 2008.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge